The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEERUT SINGH,<br><br>               Plaintiff,<br><br>      v.<br><br>FEDERAL AVIATION ADMINISTRATION,<br><br>               Defendant. | CASE NO. C17-00822-RAJ<br><br>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Noted for Consideration:<br>September 8, 2017 |

Defendant Federal Aviation Administration ("FAA"), by and through its attorneys, Annette L. Hayes, United States Attorney, and Michelle R. Lambert, Assistant United States Attorney, for the Western District of Washington, hereby moves the Court to enter summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is supported by the Declarations of Douglas Taylor, Tina Leal, Jeannette Elkins, and Kristin B. Johnson.

## I. INTRODUCTION

Plaintiff Keerut Singh has brought this action to challenge the FAA's response to his January 2017 record request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In his request, Plaintiff sought all records of aircraft flying above his home for approximately the preceding six-month period. Besides the location of his residence, Plaintiff's FOIA request provided no other information about the alleged

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

aircraft. Using the information provided, the FAA conducted a reasonable and diligent search for all responsive records and responded to Plaintiff explaining that no records were located. The FAA has satisfied all of its obligations with respect to Plaintiff's FOIA request in that after conducting a reasonable and diligent search for responsive records, the FAA has not located or withheld any responsive records. As there are no material facts in dispute, the FAA is entitled to summary judgment with respect to all claims asserted in this action.

## II.  STATEMENT OF FACTS

### A.  The FAA's FOIA Process and the Air Traffic Organization

The FAA regulates civil aviation in the United States. *See* Declaration of Douglas Taylor ("Taylor Decl.") filed concurrently herewith, ¶ 4. The agency comprises various components, each with specific roles. *Id.* These components maintain their records in a decentralized manner with separate records custodians. *Id.* The FAA's FOIA Program Management Branch ("FOIA Office") receives and performs the initial review of FOIA requests sent to the FAA to determine which FAA program office in the various FAA components would most likely have records responsive to each request. *Id.*, ¶¶ 4-5.

Once the FOIA Office identifies where in the FAA responsive records would reasonably be located, the FOIA Office assigns the request to the identified FAA component so that all responsive records may be located pursuant to a reasonable search by an FAA employee with familiarity of the subject matter of the request. *Id.*, ¶ 5. If more than one FAA component could reasonably possess responsive records, the FOIA Office assigns the FOIA request to the multiple components for separate searches for responsive records. *Id.* As each component has its own records custodians, the assigned component is responsible for conducting the search for responsive records and responding to the request. *Id.*, ¶ 9.

The Air Traffic Organization ("ATO") is the FAA's component responsible for all air traffic operations. *Id.*, ¶ 6. The ATO manages all air traffic facilities, including Air

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Traffic Control Towers and Terminal Radar Approach Control Facilities. *Id.* The FAA divides the ATO into service areas by geographic regions. *Id.*

Relevant to this case, the ATO's Western Service Area ("WSA") is responsible for air traffic operations in Alaska, Western Pacific and Northwest Mountain regions of the United States, including Washington. *See* Declaration of Tina Leal ("Leal Decl.") filed concurrently herewith, ¶ 3. The FAA divides the responsibilities of the facilities within the WSA according to geographical areas and airspace classifications. *Id.* After the FOIA Office assigns a FOIA request to the WSA, the WSA's FOIA office reviews the request and assigns it to the WSA facility that covers the relevant geographic airspace. *Id.* That facility (or facilities, if appropriate) performs the search for responsive records. *Id.* Once the relevant facility has conducted the records search, the WSA's FOIA office ensures that a thorough and diligent search for all responsive records has been conducted, reviews any records identified as responsive to the request, and prepares a final response to the request. *Id.*, ¶ 1-2, 7.

**B.     Plaintiff's FOIA Request**

In January 2017, Plaintiff submitted a FOIA request to the FAA for records pertaining to aircraft flying over a specific address in Mill Creek, Washington. *See* Taylor Decl., ¶ 7, Ex. A. In addition to expedited processing and a fee waiver, the FOIA request specifically sought the following documents:

- Any and all records of aircrafts flown in Snohomish County, WA over address 13810 12th Dr SE Mill Creek, WA 98102 and surrounding neighborhoods from July 1, 2016 to present date.
- Records showing size, particular type of aircraft, and whether they are equipped with any equipment such as stingrays or other similar equipment.
- Records showing who is responsible for flying these particular aircrafts including names, companies, departments, offices, and agencies.
- Records showing reasons why this location is being purposely targeted by aircraft activity.
- Records showing why these aircrafts are able to violate federal law by flying at extremely low altitudes and records showing why they are able to fly extremely loudly over the area.

- Any and all other records not already mentioned above relating to aircrafts flying over this location including why this activity is being allowed by the Federal Government.

*Id.*

On January 31, 2017, the FOIA Office assigned Plaintiff's FOIA request to the ATO's WSA for response after determining that the WSA was the only location within the FAA that may reasonably have records responsive to Plaintiff's FOIA request. *Id.*, ¶¶ 8-9. The FOIA Office based its decision on the following: (1) all of Plaintiff's requests related to FAA functions managed by the ATO (aircraft operations); (2) Plaintiff sought records of aircraft flown over an address located within the area serviced by facilities under the purview of the WSA; and (3) any air traffic facilities controlling aircraft in the proximity of Plaintiff's address would fall under the authority of the WSA. *Id.*, ¶¶ 8-9. Accordingly, the FOIA Office assigned Plaintiff's request only to the WSA and no other FAA component, as the WSA was the only FAA component likely to have responsive records due to the subject matter of Plaintiff's request. *Id.*, ¶ 9.

WSA facilities control airspace within WSA boundaries according to both geographic area and the airspace classification. *See* Leal Decl., ¶ 3. Based on the geographic area identified in Plaintiff's request, the WSA's FOIA office determined that the only two WSA facilities with the possibility of having responsive records were the Seattle Terminal Radar Approach Control Facility ("S46") and Paine Field Airport Traffic Control Tower ("Paine Field"). *Id.*, ¶ 8. However, S46 informed the WSA's FOIA office that it would likely not have any responsive records because the airspace classification above the address and surrounding neighborhoods identified in Plaintiff's request was Class D airspace controlled by Paine Field – not S46. *Id.*, ¶ 9.

On January 31, 2017, the WSA's FOIA office assigned Plaintiff's FOIA request to Paine Field for a search for all responsive records. *Id.*, ¶ 10. Paine Field's Air Traffic Manager, Jeannette Elkins, conducted the search. *See* Declaration of Jeannette Elkins ("Elkins Decl.") filed concurrently herewith, ¶¶ 5, 11. After concluding that all of the records sought by Plaintiff concerned aircraft flown over an identified address and its

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

surrounding neighborhoods, Ms. Elkins confirmed that Paine Field controlled the airspace over the identified address. *Id.*, ¶ 5. Having worked in every position of Paine Field's operations involving air traffic control, including as an active air traffic controller since 1993, Ms. Elkins next identified all types of records maintained by Paine Field containing information about aircraft operations in its airspace: voice data recordings, aircraft flight progress strips, and traffic count sheets. *Id.*, ¶¶ 3, 6. However, Ms. Elkins determined that none of these types of records would allow her to locate information responsive to Plaintiff's FOIA request as none of Paine Field's records contains information identifying aircraft operations over a specific address or neighborhood. *Id.*, ¶¶ 6-9. Furthermore, no system of records exists that would allow a search for records of aircraft operations over a specific address or neighborhood. *Id.*, ¶ 11.

Having located no responsive records to Plaintiff's FOIA request, Paine Field sent a "No-Records Certification" to the WSA FOIA office on February 3, 2017. *See* Elkins Decl., ¶ 12; *see also* Declaration of Kristin B. Johnson ("Johnson Decl.") filed concurrently herewith, Ex. A. The WSA's FOIA office reviewed this determination and concluded that because Plaintiff sought records about aircraft operating in Class D airspace controlled by Paine Field, the search by Paine Field would have reasonably located all WSA records responsive to Plaintiff's request and no other WSA facility would likely have responsive records. *See* Leal Decl., ¶ 12.

By letter dated March 7, 2017, the FAA issued a determination to Plaintiff stating that it had located no records that were responsive to his FOIA request. *Id.*, ¶ 13, Ex. A. In its response, the FAA explained that its "search revealed no records, documents, or files pertaining to your specific request." *Id.* The FAA further provided Mr. Singh with information on how to administratively appeal its determination. *Id.*

Mr. Singh administratively appealed the FAA's determination on March 13, 2017. *See* Dkt. No. 1, pg. 3. Thereafter, Mr. Singh filed his Complaint in this matter on May 25, 2017 alleging that the FAA unlawfully withheld agency records that he requested pursuant to FOIA. *Id.*, pg. 2-4. Plaintiff challenges, *inter alia*, the FAA's alleged failure to provide responsive records, the adequacy of the FAA's search for responsive records,

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and the timing of the FAA's response to his FOIA request. *Id.*, pg. 7. Plaintiff seeks an order requiring the FAA "to produce all records being unlawfully withheld," an injunction concerning the FAA's FOIA practices when handling future FOIA requests, and compensation for costs and alleged harm to Plaintiff. *Id.*, pg. 9. The FAA filed an Answer to Plaintiff's Complaint, denying that it failed to conduct a reasonable search. *See* Dkt. No. 13.

### III. LEGAL STANDARD

The ultimate issue in a FOIA action is whether the agency in question has "improperly" withheld agency records. 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). This is typically a question of law for the Court, rather than a question of fact, and thus, "'[s]ummary judgment is the procedural vehicle by which nearly all FOIA cases are resolved.'" *Shannahan v. I.R.S.*, 637 F. Supp. 2d 902, 912 (W.D.Wash. 2009) (quoting *Los Angeles Times Commc'ns, LLC v. Dept. of the Army*, 442 F. Supp.2d 880, 893 (C.D. Cal. 2006)).

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In relation to summary judgment in FOIA litigation, the agency must demonstrate that it "conducted a search reasonably calculated to uncover all relevant documents." *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985). "An agency can demonstrate the adequacy of its search through 'reasonably detailed, nonconclusory affidavits submitted in good faith.'" *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770 (9th Cir. 2015) (quoting *Zemansky*, 767 F.2d at 571). Agency affidavits "enjoy a presumption of good faith that withstands purely speculative claims about the existence and discoverability of other documents." *Chamberlain v. U.S. Dep't of Justice,* 957 F. Supp. 292, 294 (D.D.C. 1997) (internal quotation marks and citations omitted); *Safecard Servs. Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). If the agency withheld any records, the agency also

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

must demonstrate that such information fell within one of the nine FOIA exemptions. *Shannahan*, 637 F. Supp. 2d at 912.

After the moving party meets its burden by demonstrating that no genuine issue of material fact exists, the burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. F.B.I.,* 883 F. Supp. 2d 155, 162 (D.D.C. 2012). "In considering a motion for summary judgment, the Court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). However, to avoid summary judgment, the opposing party cannot rely on speculation or conclusory allegations to defeat the motion. *See Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("Mere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

A district court reviews questions under the FOIA, based on the administrative record, using a *de novo* standard of review. 5 U.S.C. § 552(a)(4)(B).

## IV. ARGUMENT

### A. The FAA Conducted a Thorough Search Reasonably Calculated to Uncover All Records Responsive to Plaintiff's FOIA Request

The Complaint should be dismissed as a matter of law because the material facts demonstrate the FAA conducted a search reasonably calculated to uncover all relevant documents in regards to Plaintiff's FOIA request. *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (an agency's search for records is adequate if it was "reasonably calculated to uncover all relevant documents"); *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) ("[T]he agency must show that it made a good faith effort to conduct a search for the requested records using methods which can be reasonably expected to produce the information requested."). First, the FAA

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conducted a search of all its facilities reasonably likely to have responsive records based on the subject matter of Plaintiff's request. Second, the only facility that was determined to potentially have responsive documents systematically identified and considered each of the types of records it maintained related to the information requested and determined that it could not locate any responsive records.

When a plaintiff questions the adequacy of an agency's search, the factual question raised is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document. *Safecard Servs.*, 926 F.2d at 1201; *see also Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) ("[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). "The failure of an agency "to turn up a particular document, or mere speculation that yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested record." *Wilbur v. CIA*, 315 F.3d 675, 678 (D.C. Cir. 2004).

As the Taylor, Leal, and Elkins Declarations establish, the FAA's search method was reasonably calculated to uncover all records that were responsive to Plaintiff's FOIA request. The FAA determined that any responsive documents likely resided in the ATO because the ATO manages the implicated FAA functions of flight operations and flight paths. *See* Taylor Decl., ¶ 8. This determination was reasonable as all of Plaintiff's individual requests clearly seek records about aircraft operations. *Id.*, ¶ 7, Ex. A.

As the ATO is divided into different service areas by geographic regions, the FAA directed Plaintiff's request to the ATO's WSA because Plaintiff sought records of aircraft flown over an address in Washington and under the WSA's air traffic control management. *Id.*, ¶ 9. After receiving Plaintiff's FOIA request, the WSA had a logical basis to forward Plaintiff's request to only S46 and Paine Field, as these are the only two FAA facilities that cover the general geographic area related to Plaintiff's request. *See* Leal Decl., ¶ 8.

In response, S46 determined that it would not have any responsive records based on the geographical airspace it controls. *Id.*, ¶ 9. S46 based its determination on its

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

jurisdiction, which is dependent on both geographic area and airspace classification. *Id.*, ¶ 3. The WSA facility that controls the *geographic airspace* – not ground location – is the facility most likely to maintain responsive records. *Id.* S46 does not control the airspace above the address identified in Plaintiff's FOIA request as it is Class D Airspace controlled by Paine Field. *Id.*, ¶ 9. Therefore, the only FAA facility that had a reasonable likelihood for maintaining responsive records to Plaintiff's request was Paine Field. *Id.*, ¶ 10.

Paine Field conducted a reasonable and diligent search of its records to uncover all responsive documents. First, Paine Field identified all records it maintained concerning aircraft operations. *See* Elkins Decl., ¶ 6. Second, Paine Field reviewed Plaintiff's request and determined that the request provided an address as the only identifying factor of the aircraft that were the subject of Plaintiff's request. *Id.*, ¶ 5. Next, Paine Field analyzed the information contained in each type of record to determine whether it would be able to locate any responsive records by using the identified address. *Id.*, ¶ 6-10.

However, none of Paine Field's aircraft operation records is searchable by address or contains information identifying aircraft operations over a specific address or neighborhood. *Id.* For instance, aircraft are typically identified during two-way radio communications with air traffic control by call sign, the cardinal direction of flight, and approximate distance from the control tower. *Id.*, ¶ 7. Aircraft do not provide their location over specific residential addresses during these communications. *Id.* Furthermore, no system of records exists that would allow the FAA to search for records of aircraft operations over a specific address or neighborhood. *Id.*, ¶ 11. Again, using voice data records as an example, Paine Field manually listens to the voice data records to perform searches. *Id.*, ¶ 7. Thus, without relevant identifying features of the aircraft used during two-way communications, and specific dates and times of aircraft operations, Paine Field had no way to determine which, if any, aircraft actually flew over the identified address or surrounding neighborhoods. Therefore, Paine Field could not locate any records responsive to Plaintiff's FOIA request after conducting a reasonable search. *Id.*

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In view of the above, the FAA's search was reasonable and adequately designed to uncover all records that were potentially responsive to Plaintiff's FOIA request. *See Weisberg v. U.S. Dept. of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983) ("What the agency must show beyond material doubt is that it has conducted a search reasonably calculated to uncover all relevant documents."); *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986) (noting that the search "need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the [plaintiff's] specific request"). The FAA neither found nor withheld any responsive documents. Accordingly, the FAA has met its obligation under FOIA and summary judgment in favor of the FAA is appropriate.

**B.     Plaintiff's Request for Injunctive Relief Is Moot**

Plaintiff's request for injunctive relief should be denied as moot. FOIA requires that an agency release all records responsive to a properly submitted request unless such records are protected from disclosure by one or more of the Act's nine exemptions. 5 U.S.C. § 552(b); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 150-51 (1989). Once a court determines that an agency has released all nonexempt material, it has no further judicial function to perform under FOIA and the FOIA claim is moot. *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982); *Muhammad v. U.S Customs & Border Prot.*, 559 F. Supp. 2d 5, 7-8 (D.D.C. 2008).

As described above, the FAA satisfied its obligation to conduct an adequate search for records responsive to Plaintiff's FOIA request. Although Plaintiff asks this Court for "an order enjoining the agency from relying on invalid practices and regulations when dealing with future FOIA requests," Plaintiff has not identified any such practices by the FAA. *See* Dkt. No. 1, pg. 9. Moreover, no records have been withheld in relation to Plaintiff's request. Accordingly, no additional relief is available under FOIA and Plaintiff's request for injunctive relief is moot. *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) (agreeing that the production of all nonexempt material, moots FOIA claims).

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### C. Plaintiff Fails to Allege a Privacy Act Claim

Although it is unclear if Plaintiff actually asserts a Privacy Act claim, any claim Plaintiff purports to bring pursuant to the Privacy Act, 5 U.S.C. § 552a, should be dismissed. The only reference to the Privacy Act in this litigation is (1) in Plaintiff's FOIA request (*see* Taylor Decl., Ex. A, seeking records "[p]ursuant to the FOIA/PA"), and (2) Plaintiff's one reference to the Privacy Act under the jurisdictional paragraph in the Complaint (*see* Dkt. No. 1, pg. 1). Neither these threadbare assertions, nor the facts in this case, support a Privacy Act claim.

Congress enacted the Privacy Act to protect the privacy of individuals by regulating the collection, maintenance, use, and dissemination of personal information by federal agencies. *Rouse v. U.S. Dept. of State*, 567 F.3d 408, 413 (9th Cir. 2009). There are two types of actionable claims under the Privacy Act: "accuracy" claims and "access" claims. *Id.* at 413-14. The accuracy provisions of the Privacy Act, 5 U.S.C. §§ 552a(e)(5) and (e)(6), require federal agencies to maintain and disseminate records used in making a determination about an individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual. *Id.* at 414. In an access claim action, a court is authorized to enjoin the agency from withholding an individual's records. 5 U.S.C. § 552a(d)(1). However, the Privacy Act provides access only to records maintained in a "system of records," which is defined as "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

Plaintiff's FOIA request did not seek records maintained in a "system of records" as defined by the Privacy Act. As Plaintiff does not seek records that are governed by the Privacy Act, any Privacy Act claim should be dismissed.

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CONCLUSION

Based on the foregoing, the FAA respectfully submits that it has fulfilled its FOIA obligations with respect to Plaintiff's request and asks that the Court grant summary judgment in Defendant's favor.

DATED this 11th day of August, 2017.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

 *s/ Michelle R. Lambert*
MICHELLE R. LAMBERT, NYS #4666657
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4067
Email: michelle.lambert@usdoj.gov

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the United States Attorney's Office for the Western District of Washington, and that I am of such age and discretion as to be competent to serve papers;

I further certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Keerut Singh                                   Keerut@comcast.net
*Pro Se Plaintiff*

I further certify that I mailed by United States Postal Service the foregoing document to the following non-CM/ECF participant(s)/CM/ECF participant(s), addressed as follows:

-0-

DATED this 11th day of August, 2017.

      *s/Britta Olsen*
      BRITTA OLSEN, Legal Assistant (Contractor)
      United States Attorney's Office
      700 Stewart Street, Suite 5220
      Seattle, Washington 98101-1271
      Phone: (206) 553-7970
      Fax: (206) 553-4067
      E-mail: britta.olsen@usdoj.gov

Defendant's Motion for Summary Judgment
C17-00822-RAJ - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970