# UNITED STATES DISTRICT COURT FOR

# THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEERUT SINGH | ) Case No: <u>2:17-cv-00822-RAJ</u> |
|        Plaintiff, | ) MOTION FOR SUMMARY |
|    vs. | ) JUDGMENT |
| FEDERAL AVIATION | ) Noting Date: October 06, 2017 |
| ADMINISTRATION | ) |
|       Defendant | ) |

Keerut Singh, Plaintiff in the above-titled action, hereby moves for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Singh respectfully

asks this court to grant judgment in his favor and deny FAA's motion for summary

judgment. In addition, he respectfully asks this court to issue an injunction, and

recommend an investigation to the special counsel pursuant to 5 U.S.C. § 552(a)(4)(F).

This motion is related to his opposition to FAA's motion. Please see Dkt. 24.

//

//

//

## ARGUMENT

Keerut Singh reached out to the Federal Aviation Administration (FAA) with a Freedom of Information Act (FOIA) request on January 10, 2017. After exhausting all remedies, he filed a lawsuit requesting declaratory, injunctive, and any additional relief the court deemed appropriate on May 25, 2017. This court has the authority to enjoin an agency from improperly withheld records under 5 U.S.C. § 552(a)(4)(B).

In this case, the genuine issues of fact were resolved when FAA admitted to having possession of responsive records in their motion for summary judgment (Dkts. 18-22). As such, there are no longer any issues of fact. Summary judgment is appropriate when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. *Jung v. FMC Corp.*, 755 F.2d 708, 709 (9th Cir. 1985) citing *Gould v. Mutual Life Ins. Co. of New York*, 735 F.2d 1165, 1166 (9th Cir. 1984); Fed. R. Civ. P. 56(c).

The records in dispute revolve around aircraft activity occurring near/over Plaintiff's location. FAA has possession of these records in the form of voice data recordings, aircraft flight progress strips, traffic count sheets, and radar data from Seattle Terminal Radar Approach Control (Dkt. 22 at 3). As admitted by FAA, the existence of these records is not contingent on the particular location of an aircraft or its geographical distance (Dkts. 18-22). *All* aircraft records for this area are maintained by Paine Field and Seattle's S46 facility. This admission by FAA is unsurprising considering the duties and responsibilities of the agency. FAA previously admitted to maintaining all aircraft over Singh's location. *See* Dkt. 15-2. Monitoring aircraft is an important aspect of FAA. The

American people place their trust in the agency to keep the skies safe. Accordingly, FAA places strict rules and regulations on pilots and aircraft. *See* 14 C.F.R. § 91.129(c); 14 C.F.R. § 91.215(c); 14 C.F.R. § 91.119. Failure to comply with these rules is a violation of Federal law. Essentially, it is not possible for records not to exist.

The Freedom of Information Act (FOIA) provides a statutory right to Executive Branch information under 5 U.S.C. § 552. This right provides Plaintiff access to Federal agency records. An agency may only withhold records if there is a claimed exemption under 5 U.S.C. § 552(b). FAA does not claim any exemptions in this case. Therefore, Singh is entitled to all requested records in FAA's possession in any form pursuant to 5 U.S.C. §§ 552(a)(3) and 552(f)(2).

## FAA FAILURES

In a FOIA case, the government's responsibility is not limited to simply searching for records. Their responsibility begins the moment the request is initiated and processed through the agency's system. The requester bears the responsibility of exhausting all remedies prior to filing suit. See *McDonnell v. United States*, 4 F.3d 1227, 1240, 1241 (3d Cir. 1993); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors." *Taylor*, 30 F.3d at 1369. Simultaneously, the government bears the responsibility of responding promptly to the request in good faith. *See* 5 U.S.C. § 552(a)(6)(A). The purpose of the administrative process is to solve the issue without court intervention. This prevents the unnecessary use of judicial resources on cases that could be solved

otherwise. Additionally, it is usually required to establish jurisdiction.

In this case, the FAA's failures are quite alarming. Not only did the agency fail to provide records and respond to Singh's requests promptly, but they also provided misleading information. Their claim of "no responsive records" (Dkt. 1 at 14) is both vague and false. The heart of Singh's request was related to *aircraft* records. The FAA *does*, in fact, have records of aircraft. Their other claim is that they are unable to search for aircraft records via address. The two are not synonymous. FAA was attempting to mislead Plaintiff and this court. FAA's arbitrary and capricious nature prevented this case from being solved at the administrative level. FAA should have given Singh the records at the time of the request. Plaintiff filed multiple appeals, and the agency never responded to him. The government did everything they could to prevent Singh from getting the records he sought.

Although Singh believes that his requests are clear and concise, circuits from all over the country have ruled that agencies must construe FOIA requests liberally. See *Rubman v. USCIS*, 800 F.3d 381, 389–91 (7th Cir. 2015) (explaining that the agency was required to liberally construe plaintiff's request for "all documents" despite the ambiguity of the word "documents" in the request); *Miccosukee Tribe v. United States*, 516 F.3d 1235, 1255 (11th Cir. 2008) (concluding that, even if ambiguous, the agency was "obliged under FOIA to interpret [requests]…liberally in favor of disclosure").

Plaintiff is concerned about the future victims of the FAA's invalid FOIA regulations, practices, and procedures. The government has no right to deny requesters access to non-exempt information. See *Mcgehee v. CIA*, 697 F.2d 1095, 1114 (D.C. Cir.

1983). This goes against the basic foundation of the statute. See *Chrysler Corp. v. Brown*, 441 U.S. 281, 290 (1979) ("the basic objective of the [FOIA] is disclosure"); *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) ("disclosure, not secrecy, is the dominant objective of the Act."). For these reasons, Singh respectfully asks this court to issue an injunction to prevent FAA from withholding non-exempt information. The Executive Branch of the U.S. Government is a powerful institution. It should not be allowed to circumvent the system to avoid providing records to the public. That kind of behavior undermines our democracy.

Plaintiff also believes that an investigation is warranted to figure out exactly why the agency is engaging in this kind of behavior. The special counsel would be able to figure out why the FAA has failed to uphold their duty in the administrative process. There is no excuse for providing misleading information or failing to respond to requests. It is very likely that the agency has treated other requests similarly.

**RELIEF**

Singh asks for an order requiring FAA to provide him the records highlighted in his opposition to their motion (Dkt. 24 at 6-7). In addition, he requests compensation totaling $435.78. *Id.*, (additional service fees added). Singh has receipts which he will provide to the court.

**CONCLUSION**

For the reasons stated above, Singh respectfully asks this court to grant judgment in his favor including compensation. He also respectfully asks for an injunction, and a written finding pursuant to 5 U.S.C. § 552(a)(4)(F).

Respectfully Submitted,

s/*Keerut Singh*
Keerut Singh
Plaintiff, Pro Se
13810 12th Dr SE
Mill Creek, WA 98012
(206)-902-6074
keerut@comcast.net

Dated: September 11, 2017

MOTION FOR SUMMARY
JUDGMENT - 6

## CERTIFICATE OF SERVICE

Keerut Singh hereby certifies that he submitted this document to the Clerk on

September 11, 2017, via the CM/ECF system. The system electronically notified

Defendant's attorney(s) of record on the same date.

Respectfully Submitted,

s/*Keerut Singh*
Keerut Singh
Plaintiff, Pro Se
13810 12th Dr SE
Mill Creek, WA 98012
(206)-902-6074
keerut@comcast.net

Dated: September 11, 2017