HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEERUT SINGH,

    Plaintiff,

v.

FEDERAL AVIATION
ADMINISTRATION,

    Defendant.

CASE NO. C17-822 RAJ

ORDER

This matter comes before the Court on the parties' cross-motions for summary judgment. Dkt. ## 18, 29. For the reasons that follow, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

**I.    BACKROUND**

The basic facts of this matter are not in dispute. *See* Dkt. # 29. Plaintiff requested records from the Federal Aviation Administration (FAA) that identify flights and reasons for allegedly low-altitude flight plans near and around a specific address in Mill Creek, Washington. Dkt. # 1 (Complaint) at 10. The FAA searched for records but was unable to identify any responsive results because the agency could not conduct searches based on specific locations. *See* Dkt. # 22 (Elkins Decl.) at ¶¶ 7-10.

Plaintiff exhausted his administrative appellate resources and therefore brought the matter to this forum. Plaintiff seeks relief in the form of his requested records, as well as an injunction preventing the agency from "relying on invalid practices and regulations when dealing with future FOIA requests." Dkt. # 1 (Complaint) at 7.

**II.     LEGAL STANDARD**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*,

952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

### III. DISCUSSION

5 U.S.C. § 552 requires government agencies to disclose certain records to those who request them. *See* 5 U.S.C. § 552(a)(3)(A). If an agency improperly withholds records, complainants may bring suit in federal court. *See* 5 U.S.C. § 552(a)(4)(B). An agency satisfies its burden with regard to a records request if it can:

> demonstrate that it has conducted a "search reasonably calculated to uncover all relevant documents." Further, the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.

*Zemansky v. U.S. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985) (citing *Weisberg v. United States Dept. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

On January 10, 2017, Plaintiff requested records related to flight patterns surrounding his home and neighborhood. Dkt. # 1 (Complaint) at 10. His requests included a search for "[a]ny and all records of aircrafts flown in Snohomish County, WA over address 13810 12th Dr. SE Mill Creek, WA 98012 and surrounding neighborhoods from July 1, 2016 to present date." *Id.* The balance of his requests related to the aircrafts, flight patterns, and reasons for flights over "this location." *Id.*

| | |
|---|---|
| 1 | The FAA received Plaintiff's records request. Dkt. # 20 (Taylor Decl.) at ¶ 7. The |
| 2 | FAA determined that its Air Traffic Organization (ATO) was best suited to respond to |
| 3 | Plaintiff's requests. *Id.* at ¶ 8. Plaintiff's address is within the Western Service Area |
| 4 | (WSA) of the ATO, and therefore this office maintains any potentially responsive |
| 5 | records. *Id.* at ¶ 9. |
| 6 | The WSA determined that only two facilities were capable of tracking flights in |
| 7 | the area of Plaintiff's listed address: Seattle Terminal Radar Approach Control Facility |
| 8 | ("S46") and Paine Field Airport Traffic Control Tower ("Paine Field"). Dkt. # 21 (Leal |
| 9 | Decl.) at ¶ 8. However, after reviewing the request, S46 determined that Paine Field |
| 10 | controlled the airspace—titled Class D Airspace—over Plaintiff's address. *Id.* at ¶ 9. |
| 11 | Paine Field maintains voice data recordings, aircraft flight progress strips, and traffic |
| 12 | count sheets for flight operations under its authority. Dkt. # 22 (Elkins Decl.) at ¶ 6. |
| 13 | None of these records identify "aircraft operations over a specific address or |
| 14 | neighborhood." *Id.* Because Paine Field managers could not search the records based on |
| 15 | a specific location, they were unable to return any responsive documents to Plaintiff, and |
| 16 | they explained as much to Plaintiff. |
| 17 | Plaintiff contends that the FAA is withholding documents because the agency was |
| 18 | responsible for producing any documents that may fall within the bounds of his request. |
| 19 | However, the FAA reasonably construed his request as one for records regarding certain |
| 20 | flights targeting him at or around his address for the purpose of harassment. Construing |
| 21 | his request to be location-based, the FAA concluded that it could not produce responsive |
| 22 | records because: (1) voice data records are not searchable by address or location, Dkt. # |
| 23 | 22 (Elkins Decl.) at ¶ 7; (2) progress strips cannot identify aircraft based on a specific |
| 24 | location, *id.* at ¶ 8; (3) traffic count sheets "do not provide identifying information about |
| 25 | any aircraft or its respective flight path[,]" *id.* at ¶ 9; and (4) the radar tower "does not |
| 26 | display locations of residential addresses or neighborhoods, nor is it searchable by |
| 27 | address[,]" *id.* at ¶ 10. The Court finds that the FAA conducted a reasonable search of its |

records based on the request's description; Plaintiff's wish, described in his briefing, that the FAA shall search all records regarding all flights over the course of several dates is an unreasonable expansion of his original request. Dkt. # 24 at 6; *see also Marks v. U.S. (Dep't of Justice)*, 578 F.2d 261, 263 (9th Cir. 1978) ("However, [the plaintiff] did not request the FBI to search every file throughout all its field offices. Until this appeal, [the plaintiff] appeared satisfied with a search of the agency's central files in Washington, D.C. and its field office records in San Francisco. The suggestion that the FBI should conduct an open-ended search throughout all its field offices is merely an afterthought.").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment (Dkt. # 18) and **DENIES** Plaintiff's motion for summary judgment (Dkt. # 29).

Dated this 6th day of March, 2018.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge